## LORAINE BRASSEAU *v.* EDWARD PADLO.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1943.

*Lindley S. Squires* for the defendant.

*Foley & Rothman* for the plaintiff.

SHERBURNE, J.   This is a bastardy proceeding and comes here upon exceptions by the defendant.  A child was born to the plaintiff on April 6, 1941, which could have been begotten during the period from July 16 to July 24, 1940.   The plaintiff testified that she began going with the defendant in June, 1940, and they became engaged about July 14, and thereafter had sexual intercourse on July 16, 19, and 24, 1940, and that she had not had sexual intercourse with any other than the defendant from June 1, 1940, to the present time.   She further testified that she had menstruated July 9 to 11, 1940, and that when she did not menstruate in August she discovered that she was in trouble.

The defendant excepted to the exclusion of offered evidence that the plaintiff kept company with other men in July, 1940, after the claimed engagement to the defendant, to meet her testimony relative to the engagement and that she did not keep company with other men after becoming engaged. Our attention is not called to any offer to show sexual intercourse with any of these men.

■ Evidence of the relationship between the complainant in a bastardy proceeding and other men than the defendant in order to be admissible, must be offered for the purpose of showing or reasonably imputing sexual intercourse at a time when the child could have been begotten. *Lohsen* v. *Lawson,* 106 Vt 481, 484, 174 A 861, 95 ALR 309; *Sterling* v. *Sterling,* 41 Vt 80; 7 Am Jur, Bastards, Sec. 119; Annotations, 104 ALR 97. Thus in *Maloney* v. *Piper,* 105 Mass 233, cited in *Lohsen* v. *Lawson, supra,* where the complainant on cross examination denied that she rode or walked with certain young men at or about the time when the child was begotten, evidence offered to show that the complainant did, at the time referred to, walk and ride with the young men, but without an offer to prove any facts tending to show criminal intercourse, was held rightly excluded.

■ The only question to be determined in such a case is whether the defendant begot the child. On this issue evidence is admissible which shows the character of the intimacy between the parties. 7 Am Jur Bastards, Sec. 117. Thus in *Thayer* v. *Davis,* 38 Vt 163, evidence of prior sexual intercourse between the parties was held admissible as tending to illustrate the relation of the parties to each other at the time when the child was begotten. Evidence that the parties were engaged at the time of the intercourse is admissible to show the relationship of the parties. *State* v. *Brunette,* 28 ND 539, 150 NW 271, Ann Cas 1916E 340; *Brantley* v. *State,* 11 Ala App 144, 65 So 678 (certiorari denied 191. Ala 660, 66 So 1008).

■ The fact of such engagement was not directly involved as an element in the case, but was merely a circumstance whose sole office was to induce a belief as to the fact in issue, viz., did the defendant beget the child. While the offered evidence might have some tendency to show that the parties were not in fact engaged, on the theory that an engaged woman does not usually accept attentions from other men, its probative value, in the absence of a

showing of circumstances reasonably imputing illicit intercourse, was so slight, that though perhaps logically relevant, it cannot be held to be legally relevant. This is illustrated in *Dalpe* v. *Bissette*, 99 Vt 179, 182, 130 A 591, 592, where the general rule respecting remoteness in point of time was applied to the character or probative value of the evidence and which concludes by saying: "In determining the admissibility of a collateral fact which is logically relevant there will be instances where it can be ruled as a question of law; either because the offered fact was so clearly of probative value that its exclusion would be legal error, or because it was so clearly not fit to be considered that it would be legal error to admit it. * * * Lying between these extremes are those instances admitting of discretion in receiving or rejecting the proffered evidence." As there, the offer in question is of the latter class, and it will be presumed that it was excluded as being too remote in logical relation to the issue on which it was offered.

▮ The defendant offered evidence that the plaintiff went to a druggist about a week after July 15, 1940, and stated that she had not menstruated and asked for medicine to bring menstruation about. There were also offers of admissions by the plaintiff that she had not menstruated and that she had asked the druggist for medicine, and that she had received some medicine during July for the purpose of bringing menstruation about. All this evidence was excluded and the defendant excepted. It was offered to refute the plaintiff's testimony that she had menstruated early in July and did not discover her condition until August. In view of the claimed acts of intercourse having taken place after a time when such evidence tended to show she had passed her monthly period, and the possibility that her child may have been begotten before that time, the offered evidence bore directly upon the issue of paternity, and should have been received. Its exclusion was prejudicial error.

It is unnecessary to consider the other exceptions.

*Judgment reversed, and cause remanded.*